IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:  
STEVEN WALTER MANSFIELD

CHAPTER 13  
CASE:  19-17745-EEB

CHRISTINA LILLIE AILEEN MANSFIELD

DEBTORS

---

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

---

The Standing Chapter 13 Trustee hereby files his Objection to Confirmation of the proposed chapter 13 Plan and states:

1. The Trustee requests documentation of the expense in the amount of $132.00 for Optional telephone and telephone services on line 23 and documentation of the amount of $497.66 for additional health care expenses on line 22 of the Form 122C-2 in order to determine whether the expenses are reasonable and necessary. 11 U.S.C. §§ 707(b)(2)(A)(ii)(I) and/or (II) and/or (IV) and/or (V).  To date the Trustee has received a cell phone bill that totals $271.24 for the period from October 4, 2019 to November 4, 2019.  The Trustee asserts this deduction is included on line 8 of the Form 122C-2.  Counsel must submit documentation to support a deduction of $549.00 on line 8 in addition to the monthly cell phone bill as it appears this deduction is duplicative of line 8.

2. Based upon a review of the Debtor-husband's pay advices filed with the petition, it appears that his net monthly income as reflected on Schedule I may be understated.  The pay advices reflect average net monthly income of $3,000.00 (without bonus income), while Schedule I reflects net monthly income of $2,704.91.  The Debtors' Plan and Schedules should be amended to provide for the contribution of all additional disposable income to the instant Chapter 13 case.  11 U.S.C. §§ 1325(a)(3), 1325(a)(7), 1325(b)(1)(B).

3. Based upon a review of the Debtor-wife's pay advices filed with the petition, it appears that her net monthly income as reflected on Schedule I may be understated.  The pay advices reflect average net monthly income of $2,611.21, while Schedule I reflects net monthly income of $2,478.94.  The Debtors' Plan and Schedules should be amended to provide for the contribution of all additional disposable income to the instant Chapter 13 case.  11 U.S.C. §§ 1325(a)(3), 1325(a)(7), 1325(b)(1)(B).

4. The Chapter 13 Plan should be amended to include a provision that, "Any bonus income the Debtors are entitled to receive for the applicable commitment period shall be paid into the Debtors' Chapter 13 Case". 11 U.S.C. § 1325(a)(3) and 1325(b)(1)(B).

5. The Trustee reserves the right to amend his objection and to report on the payment history at any confirmation hearing.

WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

December 9, 2019

Respectfully submitted,

s/Aimee Grimsley
Aimee Grimsley, #39723
Attorney for Chapter 13 Trustee,
Adam M. Goodman
P.O. Box 1169
Denver, CO 80201-1169
(303) 830-1971
FAX (303) 830-1973
agrimsley@ch13colorado.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Objection to Confirmation was placed in the U.S. Mail, postage prepaid or delivered electronically via ECF, on December 9, 2019 addressed as follows:

STEVEN WALTER MANSFIELD
CHRISTINA LILLIE AILEEN MANSFIELD
333 CADE ST
BRIGHTON, CO 80601

VIA CM/ECF
MARK L. MILLER

\s\ kmp
Chapter 13 Trustee Staff Member